
CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 20 2014

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:10-cr-00003-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RAYSHAWN LEWMAR SAWYERS, | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

On June 6, 2011, I sentenced Rayshawn Lewmar Sawyers to serve 300 months' incarceration for violating federal laws involving a firearm and illegal drugs, and Sawyers did not appeal. On July 28, 2014, the court received Sawyers' "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) And The Recent Supreme Court Ruling in Dorsey[1] And/Or Amendment 750. In the Alternative Pursuant to 2255." Due to its caption, the court treated the document as both a request for a reduction in sentence, pursuant to 18 U.S.C. § 3582, and a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

On July 29, 2014, I granted the § 3582 request and reduced Sawyers' sentence from 300 to 270 months' incarceration. On July 31, 2013, the court notified Sawyers of its intent to construe the document as a motion for § 2255 relief, as required by <u>Castro v. United States</u>, 540 U.S. 375 (2003), and required Sawyers to notify the court within ten days of whether he objected to the construction or, if not, to file a completed form §2255 motion signed under penalty of perjury.

Although there was no record that Sawyers had been transferred to a different correctional facility, the <u>Castro</u> Order was returned to the court as undeliverable on August 18,

---

[1] In <u>Dorsey v. United States</u>, __ U.S. __, 132 S. Ct. 2321, 2331 (2012), the Supreme Court held that the more lenient penalties of the Fair Sentencing Act of 2010 ("FSA") applied to pre-FSA offenders who were sentenced after the FSA's effective date.

2014. The Clerk resent the Order to Sawyers at his address of record, and on August 29, 2014, the court received Sawyers' response:

> I am writing the courts to ask them not to construe my 3582 motion as a 2255 motion. My lawyer has informed me that it[']s in my best int[e]rest. He has a Rule 35(b) motion ready to be sent in. Therefore[,] I will wait on the outcomes of the Rule 35(b). Depending on the outcomes of the Rule 35(b) will determine [sic] whether I refile my 2255 at a later date.

(ECF No. 246.) Because Sawyers objects to the court construing the § 3582 motion as § 2255 motion, I must dismiss the construed § 2255 motion without prejudice.

On October 10, 2014, the court received Sawyers' motion for an extension of time, although no time limit was pending. Sawyers says:

> I am writing the courts to ask for an extension based on interests of justice and to further develop constitutional claims, because I am a layperson and not a lawyer. I need more time to submit a 2255. I pray that the courts will grant a[n] extension in the interests of justice.

(ECF No. 247.) I deny this request because there is no time limit pending in this action, Sawyers already objected to the court treating his submission under § 2255, and Sawyers will not be prejudiced as more than one year has already passed from the date his conviction became final in June 2011 and when Dorsey was decided on June 21, 2012, even if Dorsey applied retroactively to Sawyers' judgment. See 28 U.S.C. § 2255(f)(1), (3) (describing the applicable limitations period). Furthermore, I granted the relief Sawyers sought in the original submission when I reduced his sentence from 300 to 270 months' incarceration, pursuant to 18 U.S.C. § 3582. Because Sawyers does not describe any of his "constitutional grounds" for § 2255 relief, I am without jurisdiction to construe the motion for an extension of time as a new § 2255 motion. See Rule 2(b), Rules Governing Section 2255 Proceedings for the United States District Courts (requiring a motion under 28 U.S.C. § 2255 to "specify all the grounds for relief available to the

moving party" and "state the facts supporting each ground."); Ramirez v. United States, 461 F. Supp. 2d 439, 440-41 (E.D. Va. 2006) (finding that a defendant's motion for extension of time could not be construed as a substantive § 2255 motion because it did not allege a cognizable claim for relief under § 2255). Accordingly, Sawyers' motion for an extension of time is denied.

For the foregoing reasons, I dismiss the construed § 2255 motion without prejudice based on Sawyers' objection to the Castro notice and deny the motion for an extension of time. Based upon my finding that Sawyers has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This 20th day of October, 2014.

Senior United States District Judge