CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 14 2016

JULIA C. DUDLEY, CLERK
BY: HMcDonald
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:10-cr-00003-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RAYSHAWN LEWMAR SAWYERS, | ) | By:  Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Rayshawn Lewmar Sawyers, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, I dismiss the motion as untimely filed.

I.

Petitioner pleaded guilty conspiring to possess with intent to distribute controlled substances ("Count One"); conspiring to commit money laundering ("Count Two"); and possessing a firearm in furtherance of a drug trafficking crime ("Count Seven"). I sentenced Petitioner on June 6, 2011, to, inter alia, 300 months' incarceration: 240 months for Count One and Count Two, to be served concurrently, and 60 months for Count Seven, to be served consecutively.[1] Petitioner did not appeal.

In July 2014, Petitioner filed a document that the court construed as both a motion to reduce sentence pursuant to 18 U.S.C. § 3582 and a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. I ultimately granted the § 3582 motion to reduce sentence, reducing the overall term of incarceration to 270 months: 210 concurrent months for Counts One and Two and 60 consecutive months for Count Seven. In October 2014, I dismissed the § 2255 motion to vacate without prejudice based on Petitioner's objection to the court's

---

[1] The imposed sentence was well below the applicable United States Sentencing Guidelines range of 420 months to life imprisonment.

notice pursuant to Castro v. United States, 540 U.S. 375 (2003). Petitioner specifically stated in his objection:

> I am writing the courts to ask them not to construe my 3582 motion as a 2255 motion. My lawyer has informed me that it[']s in my best int[e]rest. He has a Rule 35(b) motion ready to be sent in. Therefore[,] I will wait on the outcomes of the Rule 35(b). Depending on the outcomes of the Rule 35(b) will determine [sic] whether I refile my 2255 at a later date.

(ECF No. 246.) Petitioner voluntarily dismissed his appeal of my decision.

Petitioner subsequently filed a document that I construed as another § 2255 motion in November 2014. The construed motion was dismissed without prejudice in March 2015 pursuant to Petitioner's motion to voluntarily dismiss.

Petitioner filed a second motion to reduce sentence pursuant to 18 U.S.C. § 3582 in March 2015, and the United States filed a motion to reduce sentence pursuant to Federal Rule of Criminal Procedure 35(b) in August 2015. I granted both motions and reduced the overall term of incarceration from 270 months to 210 months: 150 concurrent months for Counts One and Two and 60 consecutive months for Count Seven. Petitioner's appeal of this new sentence remains pending with the Court of Appeals for the Fourth Circuit.

In October 2015, Petitioner filed the instant § 2255 motion to vacate. In response to the court's conditional filing order advising him that the motion appeared untimely filed, Petitioner argues that this filing should relate back to his initial, timely filed but already-dismissed § 2255 motion. Petitioner also argues that the United States tricked him into withdrawing an earlier § 2255 motion by promising to file a Rule 35(b) motion and then not filing that motion.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their

2

federal sentences by filing a motion, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in June 2011 when the time expired for Petitioner to appeal. See Clay v. United States, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Petitioner had until June 2012 to timely file his § 2255 motion, but he did not file the instant motion until October 2015. See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

Despite Petitioner's argument, the current § 2255 motion cannot relate back to the timing of an already dismissed § 2255 motion. See, e.g., Marsh v. Soares, 223 F.3d 1217, 1219-20 (10th Cir. 2000) (holding a pleading in a subsequent action cannot relate back to a pleading filed in a prior action that was already dismissed because there is nothing for the subsequent pleading to relate back to).

Liberally construed, Petitioner also argues that the § 2255 motion is timely filed because Miller v. United States, 735 F.3d 141, 142 (4th Cir. 2013), triggers the filing period. See 28 U.S.C. § 2255(f)(3) (allowing the limitations period to start on the date on the Supreme Court

3

initially recognized the specific right if that right retroactively applies to § 2255 proceedings). However, § 2255(f)(3) specifically applies only to rights newly recognized by a decision from the United States Supreme Court, not a decision by a United States Court of Appeals. Thus, Miller does not affect the statute of limitations.

Furthermore, the record refutes Petitioner's allegation that the United States promised to file a Rule 35(b) and then failed to do so in order to have Petitioner voluntarily dismiss a prior § 2255 motion to vacate. The United States did file that motion, resulting in a 60 month reduction in combination with his § 3582 motion to reduce, after Petitioner voluntarily dismissed his prior § 2255 motions. Moreover, Petitioner's conclusory allegation that counsel's "bad advice" caused the § 2255 motion to be untimely filed is not sufficient to deem the § 2255 motion timely filed. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, Petitioner untimely filed his § 2255 motion because more than one year passed since his convictions became final, pursuant to § 2255(f)(1).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). I do not find any extraordinary circumstance in the record that prevented Petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that

4

unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period).

Accordingly, I find that Petitioner filed his § 2255 motion beyond the one-year limitations period, Petitioner is not entitled to equitable tolling, and the petition must be dismissed.

### III.

For the foregoing reasons, the § 2255 motion is dismissed as untimely filed, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. Based upon my finding that Petitioner has not made the requisite showing required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 14th day of March, 2016.

*Jackson L. Kiser*
Senior United States District Judge